DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
TIMOTHY C. SAULSBURY (SBN 281434)
tsaulsbury@durietangri.com
VICTORIA L. WEATHERFORD (SBN 267499)
vweatherford @durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendants
PACIFIC COAST BUILDING PRODUCTS, INC.
and PABCO BUILDING PRODUCTS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CERTAINTEED GYPSUM, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC COAST BUILDING PRODUCTS, INC. and PABCO BUILDING PRODUCTS, LLC,<br><br>　　　　　　　Defendants. | Case No. 5:19-cv-00802-LHK<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND IN THE ALTERNATIVE FOR A STAY**<br><br>Date:　July 25, 2019<br>Time:　1:30 p.m.<br>Ctrm:　8, 4th Floor<br>Judge:　Honorable Lucy H. Koh |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Pacific Coast Building Products, Inc. and PABCO Building Products, LLC (collectively, "PABCO Parties") hereby respectfully request that, in connection with their Motion to Dismiss Plaintiff's Complaint or in the Alternative for a Stay filed and served concurrently herewith, the Court take judicial notice of the documents listed below.

Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as those that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Rule 201(d) provides that the court may take "judicial notice at any stage of the proceeding." Under Rule 201(c)(2), a court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

The PABCO Parties respectfully request that the Court take judicial notice of the documents filed herewith as Exhibit 1-15 of this request. These documents fall into one or both of two categories: (1) pleadings filed in other courts, and/or (2) publicly available records from proceedings before the US. Patent and Trademark Office ("PTO"). Both of these matters are properly the subject of judicial notice.

### A. Documents From Other Courts

Pleadings filed in other courts are part of the public record and "are materials that cannot be reasonably disputed and whose accuracy cannot be reasonably questioned." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991). "[T]he Court can take judicial notice of the contents of court records from another jurisdiction. . . . The contents of the court records that may be judicially noticed include the briefs and petitions of the parties." *Id*. (internal citations omitted); *see also Genentech, Inc. v. United States Int'l Trade Comm'n*, 122 F.3d 1409, 1417 n.7 (Fed. Cir. 1997) (taking judicial notice of protective orders filed in district court and noting that the most frequent use of judicial notice is in noticing the contents of court records); *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 890 n.4 (3d Cir. 1975) (taking judicial notice of briefs and petitions filed in other courts).

### B. PTO Documents

Documents that are part of a patent's file history are part of the public record, and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). For this reason, the Federal Circuit and federal courts around the country have taken judicial notice of PTO filings. *See Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297 (Fed.

1  Cir. 2005) (district court could take judicial notice of patent's reinstatement); *Vitek Sys., Inc. v. Abbott
2  Labs*., 675 F.2d 190, 192 n.4 (8th Cir. 1982) ("[T]his court may take judicial notice of Patent and
3  Trademark Office documents."); *St. John's Univ. v. Bolton*, No. 08-CV-5039 (NGG), 2010 WL 5093347,
4  at *2 n.4 (E.D.N.Y Dec. 10, 2010) ("The court takes judicial notice of the patents' issuance and contents
5  under Federal Rule of Evidence 201 because the patents are documents issued by the PTO and are
6  'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be
7  questioned.'") (citation omitted); *Telebrands Corp. v. Del Labs., Inc*., 719 F. Supp. 2d 283, 287 n.3
8  (S.D.N.Y. 2010) ("the court may properly take judicial notice of official records of the United States
9  Patent and Trademark Office and the United States Copyright Office.").

10       The PABCO Parties thus respectfully submit that the following are properly subject to judicial
11  notice:

12       **Exhibit 1** – Complaint for Patent Infringement, filed by the PABCO Parties on December 11,
13  2018 in *Pacific Coast Building Products, Inc. v. CertainTeed Gypsum Manufacturing, Inc*., No. 18-4165
14  (W.D. Ark.) ("Arkansas Action"), ECF Nos. 1, 1-1, 1-2 and 1-3.

15       **Exhibit 2** – Declaration of Rebecca Faulk in Support of Defendant CertainTeed Gypsum
16  Manufacturing, Inc.'s Motion to Stay Proceedings, filed by Defendant CertainTeed Gypsum
17  Manufacturing, Inc. ("CGM") on February 15, 2019 in the Arkansas Action, ECF No. 38-1.

18       **Exhibit 3** – U.S. Patent No. 9,388,568 (issued July 12, 2016), Exhibit B to the Complaint for
19  Patent Infringement filed by Pacific Coast Building Products, Inc. on March 3, 2017 in *Pacific Coast
20  Building Products, Inc. v. CertainTeed Corp*., No. 5:17-cv-0116-LHK (N.D. Cal. filed Mar. 3, 2017),
21  ECF No. 1-1.

22       **Exhibit 4** – U.S. Patent No. 8,181,738 (issued May 22, 2012), Exhibit A to the Complaint for
23  Patent Infringement filed by Pacific Coast Building Products, Inc. on March 3, 2017 in *Pacific Coast
24  Building Products, Inc. v. CertainTeed Corp*., No. 5:17-cv-0116-LHK (N.D. Cal. filed Mar. 3, 2017),
25  ECF No. 1-1.

26       **Exhibit 5** – Defendant's Answer, Defenses, and Counterclaims to Plaintiffs' Complaint for Patent
27  Infringement, filed by Defendant CGM on February 15, 2019 in the Arkansas Action, ECF No. 37.
28

**Exhibit 6** – Defendant CGM's Motion to Stay Proceedings, filed by CGM on February 15, 2019 in the Arkansas Action, ECF No. 38.

**Exhibit 7** – Plaintiffs' Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses, filed by the PABCO Parties on April 8, 2019 in the Arkansas Action, ECF No. 44, and Plaintiffs' Brief in Support of Their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses, filed by the PABCO Parties on April 8, 2019 in the Arkansas Action, ECF No. 45.

**Exhibit 8** – Exhibit 9 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-10.

**Exhibit 9** – Exhibit 10 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-11.

**Exhibit 10** – Exhibit 11 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-12.

**Exhibit 11** – Exhibit 12 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-13.

**Exhibit 12** – Exhibit 13 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-14.

**Exhibit 13** – Exhibit 14 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-15.

**Exhibit 14** – Exhibit 15 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-16.

**Exhibit 15** – Exhibit 16 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-17.

**Exhibit 16 –** Exhibit 3 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-4.

**Exhibit 17** – Exhibit 4 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-5.

**Exhibit 18** – Exhibit 5 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-6.

**Exhibit 19** – Exhibit 6 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-7.

**Exhibit 20** – Exhibit 7 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-8.

**Exhibit 21** – Exhibit 8 to the Declaration of Galyn Gafford, filed by the PABCO Parties on April 8, 2019 in support of their Motion to Dismiss Defendant's Inequitable Conduct Counterclaims and to Strike Related Defenses in the Arkansas Action, ECF No. 45-9.

April 15, 2019                                          DURIE TANGRI LLP

                                        By:      */s/ Timothy C. Saulbury*
                                                TIMOTHY C. SAULSBURY

                                        Attorneys for Defendants
                                        PACIFIC COAST BUILDING PRODUCTS, INC.
                                        and PABCO BUILDING PRODUCTS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2019 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Timothy C. Saulbury*
　　　　　　　　　　　　　　　　　　　　　　　　　　TIMOTHY C. SAULSBURY