UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAINTEED GYPSUM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC COAST BUILDING PRODUCTS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-00802-LHK  (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE AS TO PROTECTIVE ORDER**<br><br>Re: Dkt. No. 75 |

The Court has reviewed the Parties' Joint Statement regarding the protective order and resolves this issue without oral argument. The disagreement between the Parties is whether the proposed protective order should limit access to "Outside attorneys of record, who have entered an appearance for a Party *in this Action*" or should allow for access by "Outside attorneys of record, who have entered an appearance for a Party *in this Action or in the related action*" case no. 5:18-cv-00346-LHK.

The Parties have engaged each other in a series of lawsuits in this District. In addition to the present action and the -00346 action noted above, there is third related action, 5:17-cv-01116-LHK. In the -01116 and -00346 actions, the Sheppard Mullin firm is a counsel of record for Defendant. In the present action, Durie Tangri is counsel of record for Defendant; Sheppard Mullin has not made an appearance. The present action alleges inequitable conduct by Defendant before the PTO arising from actions by the Sheppard Mullin firm. Dkt. 1. There is a cross-use agreement as to documents as between the present action and the -00346 case. Dkt. 75, 1.

At the center of the dispute is whether Mr. Mueller of the Sheppard Mullin firm should have access to confidential information in this action. Plaintiff argues that because Mr. Mueller is a fact witness to the alleged inequitable conduct, he should not have access under the protective

order.  Defendants argue that Plaintiffs are seeking to limit Mr. Mueller's access not out of a concern for confidentiality but as a means to unnecessarily complicate Defendant's defense to inequitable conduct and to force Mr. Mueller to make an appearance in an action where he will be called as a witness.  In support of this position, Defendants point to Mr. Mueller's access to Plaintiff's confidential information in the related actions and state that he remains an integral part of the litigation team.  Dkt. 75, 3-4.

The Court is not persuaded that it is necessary to limit Mr. Mueller's access to materials under the protective order in the present action.  Counsel of record in related actions are often included as persons with access, notwithstanding the language in the model order.  Indeed, in light of the cross-use agreement among all of the actions here, it would seem impractical, if not impossible, to enforce such a limitation in this case.  Finally, the Court notes that Plaintiff does not identify any category of confidential information that is unique to this case and therefore not already seen by or known to Mr. Mueller from the related actions.  Should such information exist or arise in the future, the Parties can negotiate a specific limitation at that time, with the Court's assistance if necessary.

**SO ORDERED.**

Dated: January 26, 2021

_____

SUSAN VAN KEULEN
United States Magistrate Judge