1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10                          SAN JOSE DIVISION
11

12   CERTAINTEED GYPSUM, INC.,              Case No. 19-CV-00802-LHK
13              Plaintiff,                   **ORDER GRANTING WITH LEAVE TO**
                                             **AMEND DEFENDANTS' MOTION TO**
14        v.                                 **DISMISS PLAINTIFF'S**
                                             **INEQUITABLE CONDUCT CLAIMS**
15   PACIFIC COAST BUILDING
16   PRODUCTS, INC. and PABCO
     BUILDING PRODUCTS, LLC,
17              Defendants.

18
19        Plaintiff CertainTeed Gypsum, Inc. ("Plaintiff") brings the instant case seeking a

20   declaratory judgment that two of Defendant Pacific Coast and Building Products, Inc's ("Pacific

21   Coast") patents are unenforceable due to inequitable conduct and that Plaintiff has not infringed

22   the patents at issue.  ECF No. 1 ("Compl.").  Before the Court is Defendants Pacific Coast

23   Building Products, Inc. and PABCO Building Products, LLC's ("PABCO") (collectively,

24   "Defendants") motion to dismiss.  ECF No. 29.  Having considered the parties' submissions, the

25   relevant law, and the record in this case, the Court GRANTS with leave to amend Defendants'

26   motion to dismiss Plaintiff's inequitable conduct claims.

27   **I.    BACKGROUND**

                                              1
28   Case No. 19-CV-00802-LHK
     ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
     INEQUITABLE CONDUCT CLAIMS

### A. Factual Background

Plaintiff CertainTeed is a Delaware corporation with its corporate headquarters in Pennsylvania.  Compl. at ¶ 10.  Defendant Pacific Coast is a California corporation with its principle place of business in California.  *Id.* at ¶ 11.  Defendant PABCO is a Nevada limited liability company with its principle place of business in California.  *Id.* at ¶ 12.

Defendant PABCO manufactures drywall products.  Opp. at 3.  CertainTeed Gypsum Manufacturing, Inc ("CGM"), a corporate sibling of CertainTeed, also manufactures drywall products and sells them to related corporate entities, including CertainTeed.  CertainTeed then sells these products to the public.

Pacific Coast is the owner of two patents that are at the center of this dispute: U.S. Patent No. 10,125,492 ("the '492 patent") and U.S. Patent No. 10,132,076 ("the '076 patent").  Compl. at ¶ 13.  PABCO is the exclusive licensee of both patents.  *Id.* at ¶ 14.  The parent patent to both patents is U.S. Patent No. 9,388,568 ("the '568 patent").  *Id.* at ¶ 31; Opp. at 3.  According to Plaintiff, "[t]he application that issued as the '492 patent purports to be a continuation of the application that issued as the '568 patent, and the application that issued as the '076 patent purports to be a divisional of the application that issued as the '568 patent."  *Id.*

The parties and patents in this case have been involved in multiple lawsuits.  The Court further describes the background of the instant case below.

### 1. March 3, 2017 Lawsuit, *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Corp.*, No. 5:17-CV-0116-LHK (N.D. Cal. Mar. 3, 2017)

On March 3, 2017, Pacific Coast sued CertainTeed Corporation in this Court, alleging that the SilentFX QuickCut product infringed Pacific Coast's '568 patent.  *Id.* at ¶ 31.  On April 21, 2017, Pacific Coast filed an amended complaint naming CertainTeed as the plaintiff in the action.  *Id.* at ¶ 32.  CertainTeed answered the amended complaint and asserted affirmative defenses and counterclaims that the '568 patent claims were invalid because the "scored flexural strength" terms in the claims were indefinite.  *Id.* at ¶ 33.  On August 30, 2017, CertainTeed served invalidity contentions on Pacific Coast that explained that the "scored flexural strength" terms

were indefinite. *Id.* at ¶ 37. On September 12, 2017, CertainTeed and Pacific Coast held a meeting with in-house counsel, outside counsel, and business representatives, at which CertainTeed explained why the "scored flexural strength" terms in the '568 patent were indefinite. *Id.* at ¶ 38–39. One of the attendees at that meeting was Jason Mueller ("Mueller"), who was listed as an "Attorney/Agent" on the applications that issued as the '492 and '076 patents. *Id.* On October 3, 2017, both parties dismissed their claims. *Id.* at ¶ 40.

### 2. January 16, 2018 Lawsuit, *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 5:18-CV-00346-LHK (N.D. Cal. Jan. 16, 2018)

On January 16, 2018, Pacific Coast refiled its case against CertainTeed in this Court, again asserting claim 21 of the '568 patent against CertainTeed's SilentFX QuickCut product. *Id.* at ¶ 41. CertainTeed answered the complaint with the same affirmative defenses and counterclaims of invalidity, including that the "scored flexural strength" terms are indefinite and that claim 21 of the '568 patent was anticipated by prior art, including Unexamined Japanese Patent Application Publication No. 2004-42557 ("Hirata"). *Id.* at ¶¶ 2, 43.

On June 18, 2018, CertainTeed served invalidity contentions on Pacific Coast explaining how the "scored flexural strength" terms were indefinite. The invalidity contentions also explained that claim 21 of the '568 patent was invalid because it was anticipated and/or obvious based on Hirata. *Id.* at ¶ 50. On July 23, 2018, CertainTeed served claim construction disclosures on Pacific Coast explaining why the "scored flexural strength" terms were indefinite. *Id.* at ¶ 53. On August 17, 2018, CertainTeed and Pacific Coast filed a joint claim construction statement. CertainTeed also submitted a declaration ("the Miller declaration") from their expert Dr. Paul Miller detailing why the "scored flexural strength" terms were indefinite. *Id.* at ¶ 54. On September 17, 2018, Pacific Coast's outside counsel Galyn Gafford ("Gafford") deposed Dr. Miller regard his declaration. *Id.* at ¶ 62.

On November 29, 2018, the Court held a claim construction hearing. The same day, the Court issued a claim construction order, holding that the "scored flexural strength" terms in the '568 patent were indefinite. *Id.* at ¶ 77. On January 9, 2019, the Court entered a stipulated

3

1   judgment holding that claim 21 of the '568 patent was invalid as indefinite based on the Court's

2   claim construction order.  *Id.* at ¶ 80.  On February 11, 2019, Pacific Coast appealed the decision

3   to the Court of Appeals for the Federal Circuit.  On June 30, 2020, the Federal Circuit issued a

4   decision affirming this Court's invalidity finding.  ECF No. 49.

5        **3.   Patent Prosecution of Patents '492 and '076**

6        Patents '492 and '076 are directed to sound-damping drywall.  CertainTeed alleges that

7   Mueller and Gafford, Pacific Coast's outside counsel, were both listed as "Attorney[s]/Agent[s]"

8   with the United States Patent & Trademark Office ("PTO") on Pacific Coast's behalf regarding the

9   applications for the '492 and '076 patents.  Compl. at ¶ 28.  Accordingly, Plaintiff alleges that

10  Mueller and Gafford had a duty to disclose any material information regarding these patent

11  applications to the PTO.  *Id.*

12       Plaintiff does not allege when the prosecution of patents '492 and '076 began.  However,

13  Plaintiff does allege that Gafford "sign[ed] responses to office actions and other documents in the

14  prosecution history for the application that issued as the '492 patents . . . at least as early as

15  October 1, 2013, and for the application that issued as the '076 patent . . . at least as early as

16  October 2, 2013."  *Id.* at ¶ 106.  Furthermore, Plaintiff alleges that Gafford "prosecut[ed] the

17  application that issued as the '492 patent . . . since at least October 1, 2013, and for the application

18  that issued as the '076 patent . . . since at least October 2, 2013."  *Id.* at ¶ 107.

19       Plaintiff further alleges that on May 22, 2018, in a hearing before the Patent Trial and

20  Appeal Board, Gafford argued an appeal of the patent examiner's rejection of the then-pending

21  applications for the '492 and '076 patents.  Gafford did not inform the Board of the pending

22  litigation in the Northern District of California regarding the '568 patent.  *Id.* at ¶ 47.

23       On July 19, 2018, Gafford filed a Request for Continued Examination of the applications

24  for the '492 and '076 patents with the PTO.  *Id.* at ¶ 51.  CertainTeed alleges that although

25  Gafford had a duty to disclose any information related to the patentability of the two pending

26  claims, Gafford did not produce any information regarding the litigation in the Northern District of

27

28  Case No. 19-CV-00802-LHK
    ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
    INEQUITABLE CONDUCT CLAIMS

United States District Court
Northern District of California

California to the PTO.

On August 29, 2018, Gafford filed an Amendment and Response in the application for the '492 patent with the PTO. *Id.* at ¶ 58. CertainTeed alleges that although Gafford had a duty to disclose any information related to the patentability of the two pending claims, Gafford did not produce any information regarding the litigation in the Northern District of California to the PTO.

On September 12, 2018, the PTO issued a notice of allowance for the '076 patent. *Id.* at ¶ 60. On September 13, 2018, the PTO issued a notice of allowance for the '492 patent. *Id.* at ¶ 61. On October 10, 2018, Pacific Coast paid the issue fees for the '492 and '076 patents. *Id.* at ¶ 67. On November 13, 2018, the PTO issued the '492 patent. *Id.* at ¶ 73. On November 20, 2018, the PTO issued the '076 patent. *Id.* at ¶ 75. Plaintiff alleges that at no point during the prosecution of the '492 and '076 patent did Gafford or Mueller disclose any information regarding the litigation in the Northern District of California to the PTO.

**4. December 11, 2018 Lawsuit, *Pac. Coast Building Prods., Inc. & PABCO Building Prods., LLC v. CertainTeed Gypsum Mfg.*, Inc., No. 4:18-CV-04165-SOH (W.D. Ark. 2018)**

On December 11, 2018, Pacific Coast sued CertainTeed Gypsum Manufacturing, Inc. (CertainTeed's corporate sibling) in the Western District of Arkansas and alleged patent infringement of the '492 and '076 patents by CertainTeed's SilentFX QuickCut product. Mot. at 3–4. On February 15, 2019, CertainTeed Gypsum Manufacturing filed a motion to stay the Arkansas action in favor of the instant case. *Id.* On August 27, 2019, after Defendants filed their motion to dismiss, the Arkansas court stayed the case pending resolution of the instant case. ECF No. 89.

**B. Procedural History**

On February 14, 2019, in the instant case CertainTeed filed a complaint, seeking a declaratory judgment that patents '492 and '076 are unenforceable and are not infringed by the SilentFX QuickCut. ECF No. 1. Specifically, Plaintiff asserts claims for: (1) declaratory judgment of unenforceability of the '492 patent due to inequitable conduct (Count I); (2)

5

United States District Court
Northern District of California

1   declaratory judgment of unenforceability of the '076 patent due to inequitable conduct (Count II);

2   (3) noninfringement of the '492 patent (Count III); and (4) noninfringement of the '076 patent

3   (Count IV).  *Id.* at ¶¶ 116–143.

4          On March 15, 2019, Defendants filed a motion to dismiss, arguing that (1) whether

5   Defendants have threatened Plaintiff with suit for infringement of the '492 and '076 patents and

6   whether there is an actual case or controversy should be decided in the first-filed Arkansas action;

7   (2) Plaintiff's inequitable conduct claims should be dismissed for failure to state a claim; and (3) if

8   the case is not dismissed, then it should be stayed in favor of the first-filed Arkansas action.  ECF

9   No. 29 ("Mot.").  In connection with their motion to dismiss, Defendants filed a request for

10  judicial notice.  ECF No. 29-1.

11          On May 10, 2019, Plaintiff filed an opposition.  ECF No. 41 ("Opp.").  In connection

12  with its opposition, Plaintiff filed a request for judicial notice.  ECF No. 42.

13          On May 23, 2019, the Court stayed the instant case pending resolution of Defendant

14  Pacific Coast's appeal to the Federal Circuit of the Court's invalidity finding in the 2018 N.D. Cal

15  action.  ECF No. 46.  On August 11, 2020, Plaintiff informed the Court that the Federal Circuit

16  had affirmed the Court's invalidity finding in the 2018 N.D. Cal action and the mandate had

17  issued from the Federal Circuit.  ECF Nos. 49, 50.  On October 2, 2020, the Court reopened the

18  case.  ECF No. 53.

19          On October 14, 2020, Defendants filed a reply in support of Defendants' motion to

20  dismiss.  ECF No. 56 ("Reply").

21          On January 11, 2021, Defendants filed an answer and counterclaims.  ECF No. 68.  On

22  February 1, 2021, Defendants filed an amended answer and counterclaims.  ECF No. 82.

23          On February 22, 2021, the parties informed the Court that the Western District of Arkansas

24  Court stayed its case on August 27, 2019 in favor of the current suit, and therefore only Section

25  IV.D of Defendants' motion to dismiss (regarding Plaintiff's inequitable conduct claims) remained

26  at issue.  ECF No. 89.

27

28  Case No. 19-CV-00802-LHK
    ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
    INEQUITABLE CONDUCT CLAIMS

United States District Court
Northern District of California

### C. Requests for Judicial Notice

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Here, Defendants request judicial notice of court records or proceedings in other cases and filings from the PTO. ECF No. 29-1, at 2–4. Plaintiff does not oppose this request. Court records or proceedings in other cases are matters of public record, and therefore the proper subject of judicial notice. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of records in another court). Records of the PTO are also the proper subject of judicial notice. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 2020 WL 1694361, at *3 (N.D. Cal. April 7, 2020) ("Materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice."). Accordingly, the Court GRANTS Defendants' request for judicial notice.

Plaintiff also requests judicial notice of courts records or proceedings in other cases and filings from the PTO. ECF No. 42, at 3–5. Defendants do not oppose this request. Court records and proceedings in other cases and records of the PTO are both the proper subject of judicial notice. The Court therefore GRANTS Plaintiff's request for judicial notice.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

7

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks removed).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  These requirements apply with equal rigor to pleadings made under Federal Rule of Civil Procedure 9.  *Id.* at 687.

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*  However, "inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)."  *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).  Moreover, the law of the Federal Circuit, not the law of the regional circuit, applies to the question of whether inequitable conduct has been pled in accordance with Rule 9(b). *Id.*

Although *Exergen* concerned a motion for leave to amend to add an inequitable conduct claim, its pleading standard governs the sufficiency of pleadings under Rule 9(b) on a motion to dismiss.  *See In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011).  As outlined in *Exergen*, the substantive elements of inequitable conduct are: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false information; and (2) the individual did so with a specific intent to deceive the PTO."  *Id.* at 1327 n.3.

In *Therasense, Inc. v. Becton, Dickinson and Co.*, the Federal Circuit clarified the standard for the materiality element of inequitable conduct, holding that "the materially required to establish inequitable conduct is but-for materiality.  When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art."  649 F.3d 1276, 1292 (Fed. Cir. 2011).

"[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the

Case No. 19-CV-00802-LHK
ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
INEQUITABLE CONDUCT CLAIMS

United States District Court
Northern District of California

1   specific who, what, when, where, and how of the material misrepresentation or omission

2   committed before the PTO." *Exergen*, 575 F.3d at 1327.  Furthermore, in pleading "knowledge"

3   and "intent," which may be averred generally under Rule 9(b), a pleading of inequitable conduct

4   "must include sufficient allegations of underlying facts from which a court may reasonably infer

5   that a specific individual (1) knew of the withheld material information or of the falsity of the

6   material misrepresentation, and (2) withheld or misrepresented this information with a specific

7   intent to deceive the PTO." *Id.* at 1328–29.

8       **B.  Leave to Amend**

9       Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

10  granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

11  decision on the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d

12  1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).

13  Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the

14  opposing party, cause undue delay, or be futile, or if the moving party has acted in bad

15  faith.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  Whether to

16  grant leave to amend a pleading under Rule 15(a) is a procedural matter governed by the law of

17  the regional circuit.  *See Exergen*, 575 F.3d at 1318.

18  **III.    DISCUSSION**

19      The parties agree that with the stay of the Arkansas case, the only section of Defendants'

20  motion to dismiss that is still before the Court is Section IV.D, which concerns the sufficiency of

21  Plaintiff's claims regarding inequitable conduct.  *See* ECF No. 89.  Therefore, the issue before the

22  Court is whether Plaintiff has pled inequitable conduct allegations with the requisite particularity

23  to satisfy Rule 12(b)(6) and Rule 9(b)'s heightened pleading standards.  Specifically, Defendants

24  argue that (1) the only individual identified by Plaintiff who owes a duty of candor to the PTO is

25  Gafford; (2) the only identified prior art reference that Plaintiff identified is Hirata, which was in

26  fact before the PTO; and (3) Plaintiff has otherwise failed to allege particularized facts showing

27

28  Case No. 19-CV-00802-LHK
    ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
    INEQUITABLE CONDUCT CLAIMS

United States District Court
Northern District of California

that anyone violated a duty of candor to the PTO by withholding information known to be material with a specific intent to deceive.  Mot. at 16.  Plaintiff argues in opposition that the complaint contains sufficient allegations of inequitable conduct to survive a motion to dismiss.  Opp. at 15.

### A. Plaintiff has Identified Only Galyn Gafford as an Individual with a Duty to Disclose Material Information to the PTO

Defendants first argue that the only individual that Plaintiff has identified who allegedly withheld material information from the PTO in violation of a duty to disclose is Gafford. Defendants argue that allegations regarding other unidentified persons and Mueller fail to state a claim for inequitable conduct.  Mot. at 16.

To state a claim for inequitable conduct, a plaintiff must identify the specific individual or individuals who allegedly withheld material information in violation of their duty of candor to the PTO.  *See Exergen*, 575 F.3d at 1328 (explaining that the duty applies to individuals, not to organizations).  Plaintiff alleges that various persons and individuals withheld material information, including Pacific Coast; outside counsel; Mueller; and Gafford.  Compl. at ¶¶ 109–111.

Defendants argue, and the Court agrees, that "Pacific Coast" and "its outside counsel" are not specific individuals, and therefore lack the specificity required under Rule 9(b) to state a claim for inequitable conduct.  *See Exergen*, 575 F.3d at 1329 (finding "Exergen, its agents and/or attorneys" insufficient to state a claim for inequitable conduct).  Plaintiff has therefore failed to adequately allege a claim for inequitable conduct on the basis of actions undertaken by "Pacific Coast" or "its outside counsel."

Plaintiff does allege that Mueller and Gafford withheld material information in violation of their duty of candor to the PTO.  Defendants do not dispute that Gafford owed a duty of candor to the PTO and that Plaintiff alleged that Gafford withheld material information in violation of that duty.

However, Defendants argue that Mueller did not owe a duty of candor to the PTO, and therefore that Plaintiff's inequitable conduct allegations regarding Mueller must be dismissed.

Case No. 19-CV-00802-LHK
ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
INEQUITABLE CONDUCT CLAIMS

1    Mot. at 17.  Specifically, Defendants argue that although Mueller was listed as an

2    "Attorney/Agent" for the patent applications that issued as the '492 and '076 patents, he does not

3    fall into one of the applicable categories of persons who owe a duty of candor to the PTO.  *Id.*

4          As Defendants point out, 37 C.F.R. § 1.56(a) specifies that "individual[s] associated with

5    the filing and prosecution of a patent application" owe "a duty to disclose to the [Patent] Office all

6    information known to that individual to be material to patentability."  37 C.F.R. § 1.56(a).  Section

7    2001.01 of the PTO's Manual of Patent Examining Procedure ("MPEP") further clarifies that

8    "[i]ndividuals associated with the filing or prosecution of a patent application within the meaning

9    of" 37 C.F.R. § 1.56(a) are: (1) the inventors; (2) the "attorney or agent who prepares or

10   prosecutes the application"; and (3) "every other person who is substantively involved in the

11   preparation or prosecution of the application and who is associated with the inventor, the

12   applicant, an assignee, or anyone to whom there is an obligation to assign the application."  MPEP

13   § 2001.01(c).  Defendants argue that Plaintiff's complaint does not include allegations that suggest

14   Mueller fell into any of these categories.  Mot. at 18.

15         The Court agrees.  Plaintiff alleges that Gafford "sign[ed] responses to office actions and

16   other documents in the prosecution history of the application that issued as the '492 patent . . . and

17   for the application that issued as the '076 patent," and that Gafford "prosecut[ed] the

18   application[s] that issued as" the '492 and '076 patents.  Compl. at ¶¶ 106–107.  Plaintiff further

19   alleges that Gafford argued before the Patent Trial and Appeal Board regarding the '492 and '076

20   patent applications and made other filings with the Patent Office.  *Id.* at ¶¶ 51, 58, 114.  However,

21   Plaintiff does not allege in the complaint that Mueller participated in any of these activities or

22   otherwise was substantively involved in the preparation or prosecution of the applications that

23   issued as the '492 and '076 patents.  The Court therefore finds that Plaintiff has failed to

24   adequately allege that Mueller owed a duty of candor to the PTO with respect to the prosecution of

25   the '492 and '076 patents.  *See Exergen*, 575 F.3d at 1329 (citing 37 C.F.R. § 1.56 for the

26   proposition that "[e]ach individual associated with the filing and prosecution of a patent

27

28   Case No. 19-CV-00802-LHK
     ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
     INEQUITABLE CONDUCT CLAIMS

11

application as a duty of candor and good faith in dealing with the [PTO]").

Accordingly, Plaintiff has sufficiently alleged only that Gafford owed a duty of candor to the PTO.

### B. The Sufficiency of Plaintiff's Allegations Regarding Materiality and Intent to Deceive the PTO

Defendants next argue that Plaintiff has failed to adequately plead materiality and intent with respect to any of the materials that Plaintiff alleges Defendants withheld from the PTO in violation of the duty of candor. Mot. at 19.

"The materiality required to establish inequitable conduct is but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." *Therasense*, 649 F.3d at 1291. The complaint also must adequately allege that the withheld information was non-cumulative of the prior art before the examiner. *Exergen*, 575 F.3d at 1329 (explaining that withheld information must be both material and non-cumulative). As to the intent standard for inequitable conduct, a pleading of inequitable conduct "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1329–30.

Defendants argue that Plaintiff has failed to adequately plead materiality and intent with respect to three different allegedly withheld materials: (1) the Hirata prior art; (2) the Miller declaration; and (3) the existence of and filings, contentions, and correspondence from the 2017 and 2018 N.D Cal. actions. Mot. at 3. The Court addresses each in turn.

#### 1. The Hirata Prior Art

Defendants first argue that Plaintiff's allegations regarding Defendants' alleged withholding of the Hirata prior art reference fails because Defendants disclosed the Hirata prior art reference during the prosecution of the parent application that issued as the '568 patent. Mot. at 19; ECF No. 29-4, at 3. Furthermore, Defendants argue that "[u]nder the PTO's procedures, an

12

examiner reviewing a child application is deemed to 'consider information which has been considered by the Office in a parent application.'" Mot. at 19 (quoting MPEP § 609.02). Plaintiff argues in opposition that Plaintiff's allegation is not that failure to disclose Hirata itself constituted inequitable conduct, but rather that withholding "the filings, contentions, and correspondence in the 2017 and 2018 N.D. Cal. Actions that allege, on a limitation-by-limitation basis, that Hirata anticipates and/or renders obvious claim 21 of the '568 patent from the Patent Office" constitutes inequitable conduct. Opp. at 20 (quoting Compl. at ¶ 113).

Plaintiff's argument lacks merit. First, Plaintiff does in fact allege that Defendants were obligated to disclose the Hirata prior art reference and failed to do so. *See, e.g.*, Compl. at ¶ 6 ("Pacific Coast failed to disclose to the Patent Office the existence of . . . the Hirata prior art reference . . . and other material information."). However, as Defendants rightly argue, the Hirata prior art reference was disclosed during the prosecution of the '568 patent (the parent patent to '492 and '076), and thus the Hirata prior art reference was not withheld from the PTO. Plaintiff has therefore failed to adequately allege how failure to disclose the Hirata prior art reference was material and non-cumulative of information already before the examiner. *See Exergen*, 575 F.3d at 1229–1330 (explaining that allegations must establish that the withheld information was both material and non-cumulative).

Instead, Plaintiff argues that Defendants' alleged withholding of "the filings, contentions, and correspondence in the 2017 and 2018 N.D. Cal. Actions that allege, on a limitation-by-limitation basis, that Hirata anticipates and/or renders obvious claim 21 of the '568 patent from the Patent Office" constitutes inequitable conduct. Opp. at 20 (quoting Compl. at ¶ 113). However, as Defendants argue, "[a]ny contentions regarding Hirata necessarily would have been cumulative of Hirata itself, and an applicant indisputably has no obligation to submit cumulative matter." Reply at 7; *Exergen*, 575 F.3d at 1330 ("Such allegations are necessary to explain both "why" the withheld information is material and not cumulative . . ."). Plaintiff therefore fails to allege why the allegedly withheld contentions regarding Hirata were material and non-cumulative of the

13

Case No. 19-CV-00802-LHK
ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
INEQUITABLE CONDUCT CLAIMS

1    information already before the examiner.  *Id.*

2            Accordingly, Plaintiff's allegations regarding Defendants' withholding of both the Hirata

3    prior art reference and contentions regarding the Hirata prior art reference from the 2017 and 2018

4    N.D. Cal. actions are insufficient to state a claim for inequitable conduct.

5            **2.  The Miller Declaration**

6            Defendants next argue that Plaintiff has failed to adequately plead inequitable conduct

7    allegations regarding Defendants' alleged failure to disclose to the PTO the declaration of

8    Defendant's litigation expert in the 2018 N.D. Cal. action, Dr. Paul Miller ("the Miller

9    declaration").  Mot. at 20.  Plaintiff alleges that Gafford and Mueller knew of the Miller

10   declaration and its claims regarding the indefiniteness of claims in the '568 patent, including the

11   "scored flexural strength" terms, at least as early as September 30, 2018.  Plaintiff further alleges

12   that Defendants had an obligation to disclose the existence of this declaration to the PTO.  Compl.

13   at ¶¶ 62–72.  Defendants argue that Plaintiff has failed to adequately allege that Defendants

14   engaged in inequitable conduct by failing to disclose the Miller declaration to the PTO.  Mot. at

15   20–23.

16           As the Federal Circuit made clear in *Exergen*, at the pleading stage a plaintiff asserting

17   claims for inequitable conduct must provide allegations that explain "both 'why' the withheld

18   information is material and not cumulative, and 'how' an examiner would have used this

19   information in assessing the patentability of the claims."  575 F.3d at 1329–30 (quoting *Larson

20   Mfg. Co. v. Aluminart Prods. Ltd.*, 559 F.3d 1317, 1333 (Fed. Cir. 2009)).  Plaintiff has not

21   provided adequate allegations in the Complaint to meet either of these pleading requirements.

22           Instead, Plaintiff argues in its opposition brief that (1) the Miller declaration is material and

23   non-cumulative because it includes test data not already found in the prosecution record; and (2)

24   that the PTO often relies on expert declarations to determine patentability and would have used the

25   Miller declaration in the same manner.  Opp. at 20–21.  However, neither of these allegations are

26   found in the complaint itself, but are provided for the first time in Plaintiff's opposition brief.

27

28
     Case No. 19-CV-00802-LHK
     ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
     INEQUITABLE CONDUCT CLAIMS

1     When evaluating the sufficiency of a pleading under Federal Rule of Civil Procedure 12(b)(6), a

2     court may consider only the allegations in the complaint and any attachments or documents

3     incorporated by reference.  *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019) (explaining that

4     "under Fed. R. Civ. P. 12(b)(6), we review only the allegations in the complaint and any

5     attachments or documents incorporated by reference."); *see also United States v. Ritchie*, 342 F.3d

6     903, 907–08 (9th Cir. 2003) (same).

7          Moreover, Plaintiff has not identified any other allegations in the complaint that otherwise

8     explain "'why' the withheld information is material and not cumulative, and 'how' an examiner

9     would have used this information in assessing the patentability of the claims." *Exergen*, 575 F.3d

10    at 1329–30.  This deficiency is fatal to the adequacy of Plaintiff's pleading of inequitable conduct

11    regarding the alleged withholding of the Miller declaration under the heightened pleading

12    standards of Rule 9(b).

13         Accordingly, Plaintiff has failed to adequately plead inequitable conduct with respect to

14    Defendants' alleged withholding of the Miller declaration from the PTO.

15        **3.  2017 and 2018 N.D. Cal Actions**

16         Finally, Defendants argue that Plaintiff has failed to adequately allege that Defendants

17    engaged in inequitable conduct by failing to disclose to the PTO the existence of and/or "filings,

18    contentions and correspondence" from the 2017 and 2018 N.D. Cal actions.  Mot. at 23–24.

19         First, the Court agrees with Plaintiff that withholding the existence of related litigation

20    from the PTO may be material.  *See* MPEP § 2001.06(c) (material information may come from

21    sources such as "related litigation"); *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1233–34

22    (Fed. Cir. 2007) (acknowledging that there is a duty to bring to the attention of the examiner other

23    litigation regarding the subject matter of the patent being sought).  However, Plaintiff's complaint

24    is devoid of specific allegations that could support a finding that "the PTO would not have

25    allowed a claim had it been aware of the undisclosed [related litigation]." *Therasense*, 649 F.3d at

26    1291.

27

28    Case No. 19-CV-00802-LHK
      ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
      INEQUITABLE CONDUCT CLAIMS

15

1    Specifically, Plaintiff fails to allege why the PTO would not have allowed the claims for

2   patents '492 and '076 had it been aware of the existence of the N.D. Cal. actions, as opposed to

3   specific filings or documents from those lawsuits.  As such, Plaintiff has failed to provide specific

4   allegations that could establish the necessary materiality of the withheld information, and therefore

5   Plaintiff has failed to adequately plead allegations for inequitable conduct with respect

6   Defendants' withholding of the existence of the 2017 and 2018 N.D. Cal actions.  *Id.* at 1291

7   (explaining that the "materiality required to establish inequitable conduct is but-for materiality").

8    Second, Plaintiff's allegations regarding "filings, contentions, and correspondence" from

9   the 2017 and 2018 N.D. Cal actions are also inadequate.  Plaintiff's complaint refers repeatedly to

10   "filings, contentions, and correspondence in the 2017 and 2018 N.D. Cal. Actions," but at no point

11   does Plaintiff's complaint state with specificity which "filings, contentions, and correspondence"

12   Plaintiff alleges Defendants had a duty to disclose to the PTO.  *See, e.g.*, Compl. at ¶¶ 93, 110,

13   111, 113, 115.  In Plaintiff's opposition brief, Plaintiff appears to clarify that the documents in

14   question were CertainTeed's Claim Construction Brief and CertainTeed's Answers and Invalidity

15   Contentions.  Opp. at 15.  However, Plaintiff's complaint does not provide this specificity and

16   instead refers generally to unidentified "filings, contentions, and correspondence."

17    "Rule 9(b) requires identification of the specific who, what, when, where, and how of the

18   material misrepresentation or omission committed before the PTO."  *Exergen*, 575 F.3d at 1327.

19   Plaintiff's allegations regarding unidentified "filings, contentions, and correspondence" are

20   insufficient to meet the heightened pleading standard of Rule 9(b) and fail to identify the specific

21   "what" that Plaintiff alleges was withheld from the PTO in violation of a duty to disclose.  *Id.*

22   (explaining that references in complaint to "relevant prior art" or "various measurements and

23   units" are deficient because they lack the requisite specificity to plead inequitable conduct).  As

24   such, Plaintiff has failed to adequately plead inequitable conduct allegations regarding

25   Defendants' alleged withholding of "filings, contentions, and correspondence" from the PTO.

26    If Plaintiff chooses to file an amended complaint, Plaintiff must identify with specificity

27   

28   Case No. 19-CV-00802-LHK
ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
INEQUITABLE CONDUCT CLAIMS

United States District Court
Northern District of California

1   which documents Defendants withheld and why those documents were material and non-

2   cumulative of the information already before the examiner.  *Id.* at 1329 (explaining that a pleading

3   for inequitable conduct must provide specific allegation that could establish why the withheld

4   information is material and non-cumulative).

5          As such, the Court finds that Plaintiff has failed to adequately plead allegations of

6   inequitable conduct.  Accordingly, Defendants' motion to dismiss Plaintiff's inequitable conduct

7   claims is GRANTED.

8   **IV.    CONCLUSION**

9          For the foregoing reasons, Defendants' motion to dismiss Count I and Count II of

10  Plaintiff's complaint is GRANTED.  Because granting Plaintiff an additional opportunity to

11  amend the complaint would not be futile, cause undue delay, or unduly prejudice Defendants, and

12  Plaintiff has not acted in bad faith, the Court grants leave to amend.  *See Leadsinger*, 512 F.3d at

13  532.

14         Should Plaintiff choose to file an amended complaint, it must do so within 30 days of this

15  Order.  Failure to do so, or failure to cure the deficiencies identified in this Order and in

16  Defendants' motion to dismiss, will result in dismissal of Plaintiff's deficient claims with

17  prejudice.  Plaintiff may not add new claims or parties without a stipulation or leave of the Court.

18  If Plaintiff chooses to file an amended complaint, Plaintiff must also file a redlined copy

19  comparing the Amended Complaint with the Complaint.

20  **IT IS SO ORDERED.**

21

22  Dated: April 14, 2021

23                                                    *Lucy H. Koh*

24                                                    LUCY H. KOH
                                                      United States District Judge
25

26

27                                                17

28  Case No. 19-CV-00802-LHK
    ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
    INEQUITABLE CONDUCT CLAIMS