UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAINTEED GYPSUM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC COAST BUILDING PRODUCTS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-00802-LHK (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE AS TO CERTAINTEED'S PRIVILEGE LOG AND REDACTIONS**<br><br>Re: Dkt. Nos. 144, 145 |

The Court has received and evaluated the Parties' submissions regarding CertainTeed's privilege log and redactions in produced documents. Dkt. 144, 145. The Court determines that this matter is appropriate for resolution without oral argument. Civil L.R. 7-1(b).

First, the Court was dismayed to receive separate statements in violation of this Court's standing order. Accordingly, the Court **ORDERS** as follows:

- Within 5 business days of the date of this order the Parties are to submit a stipulation reflecting a protocol to govern the timing of exchanges in preparation of joint discovery submissions.
- If the Parties fail to come to an agreement, the Court will set the protocol.

Second, the substance of Pacific Coast's submission, which the Court reads as a motion to compel production of unredacted documents and an amended privilege log, is that certain entries on the log are inadequate to support a claim of attorney-client privilege (Dkt. 145-1, "Exhibit B", Tables 1, 2), that certain redactions appear to be inconsistent when compared with similar unredacted documents (i*d*.), and that by apparent broad dissemination of documents for business, rather than legal, purposes, CertainTeed has waived the attorney-client privilege (Exhibit B, Table

2). Pacific Coast invites the Court to engage in an in-camera review of more than 100 documents of multiple pages.

In response, in addition to maintaining that its redactions and privilege log are satisfactory, CertainTeed offers to identify and reconcile any inconsistent redactions and to amend its privilege log to include additional information requested by Pacific Coast, provided the information itself is not privileged. Dkt. 145-1.

The Court has reviewed the submissions, CertainTeed's privilege log (Dkt. 142-5), and the summary of disputes, the most complete version of which is set forth in Exhibit B to CertainTeed's submission, Dkt. 145-1. The Parties can and will work harder to resolve this hardly insurmountable dispute. Accordingly, the Court declines the invitation to review hundreds of pages in-camera and sets forth its rulings below.

**Inconsistent selection of redactions for attorney-client privileged information**. The cause of the inconsistencies may be the use of multiple contract reviewing attorneys, as CertainTeed suggests. Dkt. 145, 3. Nevertheless, CertainTeed has an obligation to ensure that each and every claim of privilege is well-founded, and that includes conducting adequate quality control over the work of reviewing attorneys. Accordingly, the Court **ORDERS** as follows:

- Within five business days of the date of this order, Pacific Coast will provide ten exemplars of inconsistencies between redacted and unredacted documents.
- Within five business days of receipt of the exemplars, CertainTeed will review and rectify either by withdrawing the redactions or by affirming that the subject matter is protected by the attorney-client privilege and requesting that disclosed material be treated as privileged in accordance with Fed. R. Evid. 502(a) and 502(d).
- The affirmation will be in the form of a declaration by an attorney of record that she/he has reviewed the purported inconsistency and affirms that the subject matter is protected by the attorney-client privilege.
- Enlightened by the exemplars, CertainTeed will have thirty days from the date of its response to the exemplars to complete a quality control review of the inconsistencies identified in Exhibit B, Tables 1, 2 by an attorney of record and to

either withdraw the redactions or affirm in the manner described above that the subject matter is protected by the attorney-client privilege and request that disclosed material be treated as privileged in accordance with Fed. R. Evid. 502(a) and 502(d).

**Sufficiency of descriptions in the privilege log/wide dissemination of presentations.**

Sufficiency of descriptions in a privilege log depends, in part, upon the types of documents over which privilege is being asserted. Here, the documents identified are presentations or drafts of presentations. As such, a mere reference to "legal advice from counsel" is not enough information for Pacific Coast, or the Court, to evaluate the claims of privilege. Accordingly, the Court **ORDERS** as follows:

- For all presentations, excluding draft presentations, identified in Exhibit B, Tables 1, 2, CertainTeed is to supplement its privilege log, identifying the date(s) of the presentation, a general description of the audience(s) to whom the presentation was directed (e.g., sales & marketing team; board of directors; etc.), and an attestation by an attorney of record that the presentation was only given before or distributed to employees of CertainTeed and not disclosed to any third party.
- The affirmation shall be in the same manner as described above.
- No other amendments to the privilege log are required.
- The amended privilege log and attestation shall be due on the same date as the affirmation regarding review and corrections of any inconsistencies ordered above.
- Any documents for which the privilege is withdrawn shall be produced at the same time as the amended privilege log.

**SO ORDERED.**

Dated: July 6, 2021

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge