United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAINTEED GYPSUM, INC., | Case No. 19-cv-00802-LHK (SVK) |
| Plaintiff, | |
| v. | **ORDER ON DISCOVERY DISPUTES** |
| PACIFIC COAST BUILDING PRODUCTS, INC., et al., | Re: Dkt. Nos. 146, 151 |
| Defendants. | |

Before the Court are the Parties' discovery disputes arising out of Pacific Coast's responses to RFAs 15-18 (Dkt. 146) and regarding depositions of Messrs. Mueller and Gafford and Shepperd Mullin. Dkt. 151. The Court has reviewed the submissions of the Parties and other relevant pleadings and determined these matters may be resolved without oral argument. Civ. L.R. 7-1(b).

**CertainTeed's Request to Compel Responses to Requests for Admissions**.

Pacific Coast responds to the four disputed RFAs with qualified denials, ultimately stating for each request that it "lacks knowledge sufficient to permit [it] it admit or deny . . . ." As one justification for its qualified denial, Pacific Coast points to pending claims construction, which includes the term "inner surface" (Dkt. 111). "Inner surface" appears in RFA 16 and, Pacific Coast argues, is implicated by similar language in the remaining RFAS, for example "between the two gypsum boards" in RFA 15 and "side of each gypsum board facing the other gypsum board" in RFAs 17 and 18. CertainTeed challenges the factual underpinnings of Pacific Coast's qualifiers and, pointing to language in the jurisprudence, complains of Pacific Coast's "over-technical" reading of the requests.

Rule 36 requires that a denial still "fairly respond to the substance of the matter." The

Rule also allows for qualified denials where the responding party must "state in detail why [it]cannot truthfully admit or deny it." The Parties' dispute highlights the tension between these requirements. RFAs can be extremely useful as a discovery tool to resolve and set aside issues for which the time and resources of trial are not required. In this regard, RFAs are best employed tactically, rather than strategically. They are far less effective when directed at more complex issues, as appears to be the case here. It may be that claims construction will better inform Pacific Coast's ability, if not willingness, to respond. Accordingly, at this time Pacific Coast's qualified responses stand as its response of record, specifically, that it lacks "knowledge sufficient to permit [it] to admit or deny" the RFA. Pursuant to Rule 36(a)(6), the Court DEFERS further ruling until Judge Koh issues a claims construction order. Following the order, CertainTeed will have 10 days to renew its motion before this Court, mindful of the limitations on RFAs noted above.

**Parties' Dispute Regarding Deposition Scheduling**

The Court reviewed the pending motion to dismiss. Messrs. Mueller and Gafford and the Sheppard Mullin law firm will be produced for deposition within ten days following Judge Koh's order denying any relevant portion of the motion to dismiss, with or without leave to amend. Pacific Coast's request to quash the subpoena to Sheppard Mullin is DENIED.

Messrs. Mueller and Gafford are to be deposed before Sheppard Mullin. If CertainTeed wishes to proceed now with Mr. Gafford's deposition in phases, as proposed by Pacific Coast (Dkt. 151, 5:20-23), it may do so.

**SO ORDERED.**

Dated: July 14, 2021

SUSAN VAN KEULEN
United States Magistrate Judge