UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CERTAINTEED GYPSUM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC COAST BUILDING PRODUCTS, INC., et al.,<br><br>  Defendants. | Case No. 19-CV-00802-LHK<br><br>**ORDER GRANTING IN PART ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 137 |

On June 4, 2021, Defendants filed an administrative motion to file under seal portions of Defendants' Reply Claim Construction Brief and to file under seal one exhibit in support of that brief. ECF No. 137. Defendants contend that these documents contain information designated by Plaintiff as "Highly Confidential – Outside Counsel Only." *Id.* On June 9, 2021, Plaintiff filed a response stating that Plaintiff does not oppose Defendants' motion. ECF No. 140. Plaintiff also provided narrowly redacted versions of the documents in question. *See* ECF Nos. 140-3, 140-4. Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS IN PART Defendants' administrative motion to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99.

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement

(First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

Here, Defendants seek to seal Exhibit 1 to the Declaration of Joyce D. Li in support of Defendants' Reply Claim Construction Brief ("Exhibit 1") and to seal portions of Defendants' Reply Claim Construction Brief that cite Exhibit 1. ECF No. 137 at 1. Defendants contend that the information in Exhibit 1 has been designated "Highly Confidential – Outside Counsel Only" by Plaintiff. *Id.* Defendants have filed a declaration in support of the administrative motion to file under seal pursuant to Civil Local Rule 79-5(e)(1). ECF No. 137-1 ("Wiener Decl."). Although Defendants seek to seal Exhibit 1 in its entirety, Plaintiff has provided a more narrowly redacted version of Exhibit 1. *See* ECF No. 140-4.

Courts in the Northern District of California are divided as to whether the "compelling reasons" standard or the "good cause" standard applies to motions to seal claim construction briefs. In *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2017 WL 11527607 (N.D. Cal. Dec. 27, 2017), Judge Gilliam held that the "compelling reasons" standard applies to

such motions because "the court's construction of terms of the patent claim is often critical to the outcome of such a suit." *Id.* at *2 (internal citation omitted).  By contrast, in *Symantec Corp. v. Acronis, Inc.*, No. 12-CV-05331-JST, 2013 WL 5913756 (N.D. Cal. Oct. 31, 2013), Judge Tigar held that where a "sealing request relates to a non-dispositive claim construction brief that is not connected to a pending summary judgment motion, the 'good cause' standard for sealing applies." *Id.* at *2.

However, because the Court finds that there are "compelling reasons" to grant Defendants' motion, the Court need not decide which standard applies.  Specifically, Defendants seek to seal Exhibit 1, which is Plaintiff's internal report regarding the efficacy of Plaintiff's products.  ECF No. 137-6.  As discussed, a classic example of a compelling reason to seal a document is that the document could be used to "release trade secrets." *Kamakana*, 447 F.3d at 1179.  Because a company's internal report about the efficacy of the company's products is a "compilation of information which is used in [the company's] business" and gives the company "an opportunity to obtain an advantage over competitors who do not know or use it," Exhibit 1 falls squarely within the definition of a "trade secret." *See Clark*, 453 F.2d at 1009.  Similarly, the Court has broad discretion to seal judicial documents that could be "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  There is no question that Exhibit 1 is such a document.

As stated above, Defendants' request to seal Exhibit 1 in its entirety is overbroad.  By contrast, Plaintiff has provided a more narrowly redacted version of Exhibit 1.  *See* ECF No. 140-4.  As to Exhibit 1, the Court grants Plaintiff's redaction request, ECF No. 140-4, and denies Defendants' overly broad sealing request.  As to Defendants' Reply Claim Construction Brief, Defendants seek to redact the same limited information that Plaintiff seeks to redact in Exhibit 1.  Therefore, the Court grants Defendants' redaction request with respect to Defendants' Reply Claim Construction Brief.

**IT IS SO ORDERED.**

Dated: December 13, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 19-CV-00802-LHK
ORDER GRANTING IN PART ADMINISTRATIVE MOTION TO SEAL